IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **POTATO VENTURES LLC,**<br><br>      Plaintiff,<br><br>v.<br><br>**THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,**<br><br>      Defendants. | Case No. 25-2312-DDC-RES |

### MEMORANDUM AND ORDER

On June 20, 2025, the court entered a Temporary Restraining Order in this patent infringement case. Doc. 21. The court concluded plaintiff Potato Ventures LLC would suffer irreparable harm to its business reputation, prices, and business opportunities absent such extraordinary relief. *Id.* at 1. The restraining order remains in effect for 14 days—until July 4, 2025. *Id.* at 2. Now, plaintiff has filed a Motion to Extend Temporary Restraining Order (Doc. 25).

Plaintiff explains that it voluntarily has dismissed some defendants. *Id.* at 1; *see also* Doc. 24 (Notice of Dismissal voluntarily dismissing defendants 9–13 under Fed. R. Civ. P. 41(a)(1)(A)(i)). But it still hasn't acquired the identifying information necessary to serve the remaining defendants. Doc. 26 at 2. Defendants 1–8—the remaining defendants—sold products on Amazon. *Id.* at 1. And Amazon hasn't produced information responsive to the TRO yet. *Id.* at 2. So, plaintiff seeks to extend the TRO for another fourteen days. *Id.*

Fed. R. Civ. P. 65(b)(2) provides that the court may extend—"for good cause"—a

temporary restraining order "for a like period[.]" It also requires that the "reasons for an extension must be entered in the record." *Id.* The rule doesn't define "good cause." And the "cases are not very helpful in providing guidance to a party who wishes to have a temporary restraining order extended beyond 14 days." 11A *Wright & Miller's Federal Practice & Procedure* § 2953 (3d ed. updated May 2025). "Although there does not seem to be any case law on what constitutes 'good cause' for purposes of extending a Rule 65(b) order, a showing that the grounds for originally granting the temporary restraining order continue to exist should be sufficient." *Id.* And our court has suggested that good cause "[l]ogically . . . would include that a moving party despite diligent efforts needs additional time to prepare and present its preliminary injunction[.]" *Flying Cross Check, L.L.C. v. Cent. Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1260 (D. Kan. 2001).

Here, the court already determined that plaintiff has satisfied the four requisite elements to justify emergency relief. Doc. 13 at 14. And "the risk of harm to plaintiff's intellectual property, reputation, and prices" persists until plaintiff can identify and serve defendants. *Id.* at 10; *see also Your True Nature, Inc. v. JF Show Store*, No. 23-cv-00107-CNS, 2023 WL 4330647, at *2 (D. Colo. Feb. 22, 2023) (finding good cause to extend TRO another fourteen days when "some of the third-party platforms have not responded or provided the information required by the Court's TRO" and plaintiff "needs additional time to serve all the Defendants"). What's more, plaintiff's motion included an accompanying declaration from plaintiff's counsel. *See* Doc. 26-1. Plaintiff's counsel declared that his office had provided Amazon with the Temporary Restraining Order on the same day that the court issued it—June 20, 2025. *Id.* at 1 (Poplin Decl. ¶ 2). Such prompt attention suggests that plaintiff made "diligent efforts" but nonetheless "needs additional time" to identify and serve defendants—a necessary step "to

2

prepare and present its preliminary injunction[.]" *Flying Cross Check*, 153 F. Supp. 2d at 1260. The court thus finds good cause and grants plaintiff that additional time.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Extend Temporary Restraining Order (Doc. 25) is granted.  The court's Temporary Restraining Order (Doc. 21) is extended for a period of 14 additional days.

**IT IS SO ORDERED.**

**Dated this 2nd day of July, 2025, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**