IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| POTATO VENTURES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>    Defendants. | Case No. 25-2312-DDC-RES |

## MEMORANDUM AND ORDER

Before the court is plaintiff's Motion to Convert the Temporary Restraining Order to Preliminary Injunction (Doc. 32).  The court issued a Temporary Restraining Order (Doc. 21) on June 20, 2025, effective for 14 days.  Doc. 21 at 2.  Upon plaintiff's request, Doc. 25 at 1, the court extended the TRO for another 14 days under Fed. R. Civ. P. 65(b)(2).  Doc. 27 at 3 (effective until July 18, 2025).  Plaintiff served defendants with copies of relevant documents on July 8, 2025.[1]  Doc. 29 at 1.   Plaintiff then filed and served the present motion seeking a preliminary injunction on July 11, 2025.  Doc. 32; Doc. 33 (Certificate of Service).

Plaintiff—in effect—asks the court to rule the preliminary injunction motion before the TRO expires.  *See* Doc. 32 at 1.  Alternatively, plaintiff asks the court to extend the TRO until the court rules the preliminary injunction motion.  *Id.*  To allow defendants an opportunity to respond to plaintiff's motion, and to convene a timely preliminary injunction hearing, the court

---

[1]    Among other documents, plaintiff served the Complaint (Doc. 2), Motion for Temporary Restraining Order (Docs. 10, 11), Order Granting Motion for Temporary Restraining Order (Doc. 13), and Temporary Restraining Order (Doc. 21).  *See* Doc. 29 at 1.

orders as follows:

1. Plaintiff's Motion to Convert the Temporary Restraining Order to Preliminary Injunction (Doc. 32) is granted in part—just to the extent it asks the court to extend the TRO. The portion of the motion seeking a preliminary injunction remains pending.

2. The Temporary Restraining Order (Doc. 21) is extended until the court rules the portion of plaintiff's motion seeking a preliminary injunction.[2]

3. A preliminary injunction hearing is set for July 23, 2025, at 9:30 AM, in Room 476 of the Robert J. Dole Courthouse in Kansas City, Kansas.

4. Plaintiff must serve this Order on defendants. Defendants may respond to the pending Motion to Convert the Temporary Restraining Order to Preliminary Injunction (Doc. 32) by July 18, 2025. The court will not entertain a written reply from plaintiff but will hear arguments at the preliminary injunction hearing.

**IT IS SO ORDERED.**

**Dated this 15th day of July, 2025, at Kansas City, Kansas.**

                              **s/ Daniel D. Crabtree**
                              **Daniel D. Crabtree**
                              **United States District Judge**

---

[2] As plaintiff notes, such a course effectively transforms the TRO into an appealable preliminary injunction. Doc. 32 at 1; *see also Sampson v. Murray*, 415 U.S. 61, 86 (1974) ("[A] temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions."); *Tooele Cnty. v. United States*, 820 F.3d 1183, 1187 (10th Cir. 2016) (concluding temporary restraining order extended beyond period in Fed. R. Civ. P. 65(b)(2) constituted appealable preliminary injunction). The court's reasons for issuing the TRO—outlined in Doc. 13—remain effective. *See H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 845 (7th Cir. 2012) (suggesting court must "provide a sufficient explanation of its decision to allow meaningful appellate review" of TRO extended beyond 28-day limit pending a preliminary injunction hearing). And, given the delays in identifying and serving defendants here, the court concludes "the maximum 28-day limit [hasn't given] the parties sufficient time to prepare for a preliminary injunction hearing, let alone time for the district court to decide it." *Id.*